STEVEN M. SPECTOR (SBN: 51623)
  Email: sspector@buchalter.com
OREN BITAN (SBN: 251056)
  Email: obitan@buchalter.com
BUCHALTER, A Professional Corporation
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Plaintiff, PNC BANK, NATIONAL ASSOCIATION, a national banking association

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>HANEY TRUCK LINE, LLC, an Oregon limited liability company; HANEY LOGISTICS, LLC, an Oregon limited liability company; GREAT AMERICAN TRANSPORT, LLC, a California limited liability company; EASLEY HAULING SERVICE, INC., a Washington corporation; HANEY TRANSPORTATION AND LOGISTICS, LLC, a Delaware limited liability company; RICHARDSON LEASING, LLC, a Washington limited liability company,<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR:**<br><br>1. Breach Of Written Contract;<br>2. Money Lent;<br>3. Account Stated;<br>4. Breach Of Guaranty;<br>5. Money Due;<br>6. Recovery Of Personal Property;<br>7. Appointment Of Receiver; and<br>8. Injunctive Relief. |

Plaintiff, PNC Bank, National Association ("Plaintiff") complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is based on 28 U.S.C. §§1332 and 1348 in that this is a civil action between citizens of different states and in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district. The subject contracts and guaranties were prepared and negotiated in Los Angeles, California, where Plaintiff maintains an office and performance of the contracts and guaranty, i.e. payment of the amounts due, was to take place.

## THE PARTIES

3. Plaintiff is a national banking association with its principal place of business and main office located in Pittsburgh, County of Allegheny, Pennsylvania. Plaintiff is qualified to do business in California and maintains and operates an office in Los Angeles, California.

4. Plaintiff is informed and believes, and based thereon alleges, that, at all times mentioned herein, Defendant Haney Truck Line, LLC ("Haney Truck") was and is an Oregon limited liability company, with its principal place of business located in Yakima, County of Yakima, Washington. Plaintiff is further informed and believes, and based thereon alleges, that, at all times herein mentioned, Haney Transportation and Logistics, LLC ("Haney Transportation") was and is the sole member of Haney Truck.

5. Plaintiff is informed and believes, and based thereon alleges, that, at all times herein mentioned, Defendant Haney Logistics, LLC ("Haney Logistics") was and is an Oregon limited liability company, with its principal place of business located in Yakima, County of Yakima, Washington. Plaintiff is further informed

and believes, and based thereon alleges, that, at all times herein mentioned, Haney Transportation was and is the sole member of Haney Logistics.

6. Plaintiff is informed and believes, and based thereon alleges, that, at all times herein mentioned, Defendant Great American Transport, LLC ("Great Am Transport") was and is a California limited liability company, with its principal place of business located in Fresno, Fresno County, California. Plaintiff is further informed and believes, and based thereon alleges, that at all times herein mentioned, Haney Truck was and is the sole member of Great Am Transport.

7. Plaintiff is informed and believes, and based thereon alleges, that, at all times herein mentioned, Defendant Easley Hauling Service, Inc. ("Easley") was a Washington corporation, with its principal place of business located in Yakima, County of Yakima, Washington. Plaintiff is further informed and believes, and based thereon alleges, that at all times herein mentioned, Haney Transportation was and is the sole shareholder of Easley.

8. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendant Haney Transportation was and is a Delaware limited liability company, with its principal place of business located in Yakima, Yakima County, Washington. Plaintiff is further informed and believes, and based thereon alleges, that Evergreen Pacific Partners, L.P., a Delaware limited partnership, ("Evergreen") is the sole member of Haney Transportation. Plaintiff is further informed and believes, and based thereon alleges, that Evergreen Pacific Partners GP, LLC, a Delaware limited liability company, is Evergreen's general partner.

9. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendant Richardson Leasing, LLC ("Richardson") was and is a Washington limited liability company, with its principal place of business located in Yakima, Yakima County, Washington. Plaintiff is further informed and

believes, and based thereon alleges, that at all times herein mentioned, Haney Transportation was and is the sole member of Richardson.

10. Plaintiff is informed and believes, and based thereon alleges, that Defendants Haney Truck, Haney Logistics, Great Am Transport, Easley, Haney Transportation and Richardson are inter-related companies and, at all relevant times, engaged in interstate commerce.

## GENERAL ALLEGATIONS

11. On or about November 2, 2012, Plaintiff, as lender, and Defendants Haney Truck, Haney Logistics, Great Am Transport and Easley (collectively, the "Borrowers"), as borrowers, entered into a written Revolving Credit and Security Agreement, as amended and restated from time to time ("Credit Agreement"). In reliance thereon, on or about November 2, 2012, for the value received, the Borrowers made, executed and delivered to Plaintiff a Revolving Credit Note in the sum of $35,000,000 ("Note"). True and complete copies of the Credit Agreement and Note are attached hereto as **Exhibit 1** and **Exhibit 2**, respectively, and incorporated hereat by reference.

12. On or about November 2, 2012, Plaintiff and the Borrowers entered into a written Pledge Agreement ("Borrowers' Pledge") pursuant to which the Borrowers granted to Plaintiff a security interest in the personal property assets, as defined therein, and as set forth in the Credit Agreement ("Borrowers' Collateral"). A true and complete copy of the Pledge Agreement is attached hereto as **Exhibit 3** and incorporated hereat by reference.

13. On or about November 2, 2012, Defendants Haney Transportation and Richardson (collectively, the "Guarantors") executed and delivered to Plaintiff their written Guaranty and Suretyship Agreement ("Guaranty"), a true and complete copy of which is attached hereto as **Exhibit 4** and incorporated hereat by reference.

14. On or about November 2, 2012, Plaintiff and the Guarantors entered into a written Pledge and Security Agreement ("Guarantors' Pledge"), pursuant to

which the Guarantors' granted to Plaintiff a security interest in the personal property assets, as defined therein and as set forth in the Credit Guarantors Pledge ("Guarantors' Collateral"). A true and complete copy of the Pledge and Security Agreement is attached hereto as **Exhibit 5** and incorporated hereat by reference.

15. On or about September 30, 2013, February 18, 2014, February 27, 2015, October 26, 2015 and in May of 2016, Plaintiff, on the one hand, and the Borrowers and Guarantors, on the other hand, entered into written Amendments to Revolving Credit and Security Agreement, true and complete copies of which are collectively attached hereto as **Exhibit 6** and incorporated hereat by reference. In furtherance of the Amendment to Revolving Credit and Security Agreement dated October 26, 2015, for value received, the Borrowers executed and delivered to Plaintiff a written Amended and Restated Revolving Credit Note dated October 26, 2015 in the sum of $45,000,000 ("Amended Note"). A true and complete copy of the Amended Note is attached as **Exhibit 7** and incorporated hereat by reference.

16. In or about March 2017, certain Events of Default occurred as a consequence of the outstanding Over Advance described (and as defined) in that certain written Default Letter dated February 15, 2017, a true and complete copy of which is attached as **Exhibit 8**. On or about March 13, 2017, Plaintiff, on the one hand, and the Borrowers and Guarantors, on the other hand, entered into a written Forbearance Agreement and Sixth Amendment to Revolving Credit and Security Agreement ("Forbearance Agreement"). Pursuant to the Forbearance Agreement, notwithstanding the occurrence and continuance of the Events of Default, and without waiving any Default Rights and Remedies, as provided in the Credit Agreement, in order to facilitate the desire of Borrowers and Guarantors to complete an orderly sale of their assets or Equity Interests (as defined said Agreement), Plaintiff was willing to forbear from exercising its available Default Rights and Remedies under the Credit Agreement as a result of the Events of Default, subject to terms and conditions set forth in the Forbearance Agreement. A

true and complete copy of the Forbearance Agreement is attached as **Exhibit 9** and incorporated hereat by reference.

17. The Forbearance Agreement provides, among other things, that the forbearance period would terminate on May 13, 2017 and would extend as long as the Borrowers complied with the terms of said Agreement. On or about July 31, 2017, Plaintiff, on the one hand, and the Borrowers and Guarantors, on the other hand entered into a written Seventh Amendment to Revolving Credit and Security Agreement and Waiver ("Seventh Amendment") pursuant to the terms of which, among other things, extended the Term (as defined in the Credit Agreement) to August 31, 2018, unless sooner terminated. A true and complete copy of the Seventh Amendment is attached as **Exhibit 10** and incorporated hereat by reference.

18. On or about August 31, 2017, Plaintiff, on the one hand, and the Borrowers and Guarantors, on the other hand, entered into a written Consent Agreement pursuant to the terms of which, among other things, Plaintiff consented to the Borrowers' consummation of the Sale (as defined in the Credit Agreement), and further agreed to release its Lien (as defined in the Credit Agreement), on the Sale Assets (as defined in the Credit Agreement). The Consent Agreement further provided that Plaintiff would retain its Lien on the Retained Assets (as defined in the Credit Agreement). A true and complete copy of the Consent Agreement is attached as **Exhibit 11** and incorporated hereat by reference.

19. Plaintiff performed all of the promises, conditions and covenants it agreed to perform pursuant to the terms of the Credit Agreement, the Amended Note, the Forbearance Agreement, the Consent Agreement and the Borrowers' Pledge, together with all other related loan documents (collectively, the "Borrowers' Agreements"), except for those promises, conditions and covenants excused by the acts and omissions of Defendants, and each of them.

20. Plaintiff performed all of the promises, conditions and covenants agreed to perform pursuant to the terms of the Guaranty and Guarantors' Pledge (collectively, the "Guarantors' Agreements"), except for those promises, conditions and covenants excused by the acts and omissions of Defendants, and each of them.

### FIRST CLAIM FOR RELIEF
### Breach of Written Contract
### Against Defendants Haney Truck, Haney Logistics, Great Am Transport and Easley

21. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 20, inclusive, of the Complaint as if those allegations were set forth herein.

22. Events of Default under the Borrowers' Agreements have occurred, including but not limited to, (a) a material adverse change in the Borrowers' financial condition; (b) Plaintiff's belief that the prospect of payment or performance of the subject obligation is impaired; and (c) Plaintiff's belief that it is insecure. Pursuant to the terms of said Agreements and as a result of the Events of Default, Plaintiff terminated said Agreements and made demand upon the Borrowers for payment in full of all amounts owing to Plaintiff, but the Borrowers failed and refused and continue to fail and refuse to pay the sums due.

23. As of January 5, 2018, there was due, owing and payable to Plaintiff from the Borrowers, jointly and severally, the principal sum of $4,841,876.47, together with unpaid accrued interest, additional interest accruing at the default rate, late charges and other fees and charges, pursuant to the terms of the Borrowers' Agreements, according to proof at time of trial or entry of judgment.

24. The Borrowers' Agreements provide that the Borrowers agree to pay reasonable attorneys' fees incurred by Plaintiff in enforcing its rights under the terms of said Agreements. Plaintiff has retained the law firm of Buchalter, A Professional Corporation, for the purpose of instituting and prosecuting this action.

## SECOND CLAIM FOR RELIEF

### Money Lent

### Against Defendants Haney Truck, Haney Logistics, Great Am Transport and Easley

25. Plaintiff incorporates by reference all allegations contained in all paragraphs of this Complaint as if those allegations were set forth herein.

26. Within four years last past, the Borrowers became indebted to Plaintiff in the principal sum of $4,841,876.47 for money lent for the benefit of the Borrowers by Plaintiff at the Borrowers' request.

27. No part of said sum has been paid, although payment has been demanded, and as of January 5, 2018, there was due, owing and unpaid to Plaintiff from the Borrowers, jointly and severally, the principal sum of $4,841,876.47, plus interest according to proof at time of trial or entry of judgment.

## THIRD CLAIM FOR RELIEF

### Account Stated

### Against Defendants Haney Truck, Haney Logistics, Great Am Transport and Easley

28. Plaintiff incorporates by reference all allegations contained in all paragraphs of this Complaint as if those allegations were set forth herein.

29. Within the last four years, an account was stated in writing by and between Plaintiff and the Borrowers wherein it was agreed that the Borrowers were indebted to Plaintiff in the principal sum of $4,841,876.47 for money lent.

30. The whole of the above sum has not been paid although demand therefor has been made. As of January 5, 2018, there was due, owing and unpaid to Plaintiff from the Borrowers, jointly and severally, the principal sum of $4,841,876.47, together with interest according to proof at time of trial or entry of judgment.

## FOURTH CLAIM FOR RELIEF

### Breach of Guaranty

### Against Defendants Haney Transportation and Richardson

31. Plaintiff incorporates by reference all allegations contained in all paragraphs of this Complaint as if those allegations were set forth herein.

32. Pursuant to the terms of the Guaranty, the Guarantors jointly and severally guaranteed to Plaintiff the full and punctual payment, performance and satisfaction of the indebtedness of the Borrowers to Plaintiff, then existing or thereafter arising or acquired, on an open and continuing basis. The extension of credit made to the Borrowers by Plaintiff constitutes credit as defined in the Guaranty and was granted to the Borrowers in reliance, in part, upon the obligations of the Guarantors.

33. Plaintiff accepted the Guaranty and, in reliance thereon, extended credit to the Borrowers, as alleged herein.

34. Plaintiff made demand upon the Guarantors for payment of the sums due and owing under the terms of the Guaranty; however, the Guarantors failed and refused, and continue to fail and refuse, to pay the sums due and owing to Plaintiff.

35. As of January 5, 2018, there was due, owing and unpaid from Guarantors to Plaintiff the principal sum of $4,841,876.47, together with unpaid accrued interest and late charges, according to proof at time of trial or entry of judgment.

36. The Guaranty provides that the Guarantors shall reimburse Plaintiff for all expenses, collection charges, court costs and attorneys' fees that Plaintiff expends or incurs in connection with the enforcement of the Guaranty. Plaintiff has employed the law firm of Buchalter, A Professional Corporation, for the purpose of instituting and prosecuting this action.

## FIFTH CLAIM FOR RELIEF

### Money Due

### Against Defendants Haney Transportation and Richardson

37. Plaintiff incorporates by reference all allegations contained in all paragraphs of this Complaint as if those allegations were set forth herein.

38. Within the four years last past, the Guarantors became indebted to Plaintiff in the principal sum of $4,841,876.47 for money due to Plaintiff by the Guarantors.

39. Although payment for the amount owing has been demanded, Guarantors have not paid the same. As a result, as of January 5, 2018, there was due, owing and unpaid from the Guarantors, jointly and severally, to Plaintiff the principal sum of $4,841,876.47 plus interest according to proof at time of trial or entry of judgment.

## SIXTH CLAIM FOR RELIEF

### Recovery of Personal Property

### Against Defendants Haney Truck, Haney Logistics, Great Am Transport, Easley, Haney Transportation and Richardson

40. Plaintiff incorporates by reference all allegations contained in all paragraphs of this Complaint as if those allegations were set forth herein.

41. Plaintiff duly perfected its security interest in the Borrowers' Collateral and Guarantors' Collateral (collectively, the "Collateral") by filing UCC-1 Financing Statements with the Office of the Secretary of State in the appropriate state to perfect the same. True and complete copies of the UCC-1 forms are attached hereto collectively as **Exhibit 12** and incorporated hereat by reference.

42. The Borrowers' Agreements and Guarantors' Agreements provide, among other things, that upon a breach of the terms thereof, Plaintiff is entitled to take possession, control and dominion of the Collateral.

43. Plaintiff is informed and believes and thereon alleges that the Collateral is now in the possession or control of Haney Truck, Haney Logistics, Great Am Transport, Easley, Haney Transportation and Richardson ("Possession Defendants") and that the Possession Defendants exercise dominion over the Collateral.

44. Plaintiff is informed and believes and thereon alleges that the Collateral has not been taken for a tax assessment or fine pursuant to a statute or seized under an execution against the property of Plaintiff, or any of its affiliates.

### SEVENTH CLAIM FOR RELIEF

### Appointment of Receiver

### Against Defendants Haney Truck, Haney Logistics, Great Am Transport, Easley, Haney Transportation and Richardson

45. Plaintiff incorporates by reference all allegations contained in all paragraphs of this Complaint as if those allegations were set forth herein.

46. This action is brought under and jurisdiction lies with this Court pursuant to 28 U.S.C. § 1332(a), and the provisions of Federal Rule of Civil Procedure 66.

47. Plaintiff is entitled to the appointment of a receiver at this time and who will have all the usual and customary powers of a receiver, including, but not by way of limitation, safeguarding the Collateral, locating and assembling the Collateral and taking possession, control and dominion thereof, wherever located, in order to fully safeguard and protect the Collateral, and any returned deposits, refunds, income, revenue and proceeds derived therefrom (collectively, the "Receivership Property") from use and dissipation, and to take all appropriate measures that are necessary to protect the Receivership Property.

48. Plaintiff is informed and believes, and on that basis alleges, that unless a receiver is appointed, the Receivership Property will be greatly dissipated in

value, lost, used or otherwise unavailable to Plaintiff, all to the detriment and irreparable loss of Plaintiff.

49. Because the Collateral consists primarily of general intangibles (accounts, deposits and refunds due from third parties), Plaintiff has no speedy or adequate remedy at law and will suffer irreparable damage, injury and harm unless the appropriate equitable relief is granted.

## EIGHTH CLAIM FOR RELIEF

**Temporary Restraining Order, Preliminary and Permanent Injunctions - Against Defendants Haney Truck, Haney Logistics, Great Am Transport, Easley, Haney Transportation and Richardson**

50. Plaintiff repeats and realleges the allegations contained in all paragraphs of this Complaint and by this reference thereto incorporates the same herein as though fully set forth.

51. In aid of the receiver, Plaintiff seeks temporary restraining orders and a preliminary and permanent injunction restraining and enjoining defendants Haney Truck, Haney Logistics, Great Am Transport, Easley, Haney Transportation and Richardson, their members, officers, agents, employees and representatives, from, among other things, engaging in, or performing, directly or indirectly, any or all of the following acts:

    a. Committing or permitting any waste of the Receivership Property or any part thereof, or suffering or committing or permitting any act on the Receivership Property or any part thereof in violation of law, or removing, transferring, encumbering or otherwise disposing of any of the Receivership Property or any part thereof;

    b. Directly or indirectly interfering in any manner with the discharge of the Receiver's duties under his/her/ its Order or the Receiver's possession of and operation or management of the Receivership Property;

    c. Expending, disbursing, transferring, assigning, selling,

conveying, devising, pledging, mortgaging, creating a security interest in, encumbering, concealing or in any manner whatsoever dealing in or disposing of the whole or any part of the Receivership Property without prior specific Court Order;

      d.    Withholding any Receivership Property assets, books, records, or funds from the Receiver; and

      e.    Doing any act which will, or which will tend to impair, defeat, divert, prevent or prejudice the preservation of the Receivership Property.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against all Defendants in this action, as follows:

<u>On the First and Fourth Claims for Relief against Defendants Haney Truck, Haney Logistics, Great Am Transport, Easley, Haney Transportation and Richardson, jointly and severally:</u>

1.    For the principal sum of $4,841,876.47, together with interest and other fees and charges pursuant to the Borrowers' Agreements, and Guarantors' Agreements according to proof at time of trial or entry of judgment;

2.    For reasonable attorneys' fees;

<u>On the Second, Third and Fifth Claims for Relief against Defendants Haney Truck, Haney Logistics, Great Am Transport, Easley, Haney Transportation and Richardson, jointly and severally:</u>

3.    For the principal sum of $4,841,876.47, together with interest according to proof at time of trial or entry of judgment;

<u>On the Sixth Claim for Relief:</u>

4.    For judgment for possession of the Collateral.

5.    For reasonable attorneys' fees;

<u>On the Seventh Claim for Relief:</u>

6. For an order of the Court appointing a receiver over Defendants, Haney Truck, Haney Logistics, Great Am Transport, Easley, Haney Transportation and Richardson, pending trial of this action, having all the usual and customary powers of a receiver ("Receiver") to take possession, control and dominion of the Collateral, the revenue, income and profits derived therefrom (the "Receivership Property"), to protect and preserve the Receivership Property and to sell said Property;

On the Eighth Claim for Relief:

7. For a temporary restraining order and preliminary and permanent injunctions restraining and enjoining Defendants Haney Truck, Haney Logistics, Great Am Transport, Easley, Haney Transportation and Richardson, their agents, representatives, managers, members, officers, and all persons acting under, in concert with, or for them, from:

    a. Committing or permitting any waste of the Receivership Property or any part thereof, or suffering or committing or permitting any act on the Receivership Property or any part thereof in violation of law, or removing, transferring, encumbering or otherwise disposing of any of the Receivership Property or any part thereof;

    b. Directly or indirectly interfering in any manner with the discharge of the Receiver's duties under his/her Order or the Receiver's possession of and operation or management of the Receivership Property;

    c. Expending, disbursing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in, encumbering, concealing or in any manner whatsoever dealing in or disposing of the whole or any part of the Receivership Property without prior specific Court Order;

    d. Withholding any Receivership Property assets, books, records, or funds from the Receiver; and

e. Doing any act which will, or which will tend to impair, defeat, divert, prevent or prejudice the preservation of the Receivership Property.

On All Claims for Relief:

8. For costs of suit herein incurred;

9. For such other and further relief as the court may deem proper.

DATED: January 31, 2018

BUCHALTER
A Professional Corporation

By: */s/ Steven M. Spector*
    STEVEN M. SPECTOR
    OREN BITAN
    Attorneys for Plaintiff
    PNC BANK, NATIONAL ASSOCIATION