David P. Stapleton
STAPLETON GROUP
515 South Flower Street, 36th Floor
Los Angeles, CA 90071
Telephone: (213) 235-0600
Facsimile: (213) 235-0620
Email: david@stapletoninc.com

COURT APPOINTED RECEIVER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>HANEY TRUCK LINE, LLC, an Oregon limited liability company; HANEY LOGISTICS, LLC, an Oregon limited liability company; GREAT AMERICAN TRANSPORT, LLC, a California limited liability company; EASLEY HAULING SERVICE, INC., a Washington corporation; HANEY TRANSPORTATION AND LOGISTICS, LLC, a Delaware limited liability company; RICHARDSON LEASING, LLC, a Washington limited liability company<br><br>Defendants. | CASE NO. 2:18-cv-00827-RAO<br><br>Assigned to Magistrate Judge Rozella A. Oliver<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER SETTLING AND APPROVING RECEIVER'S FINAL ACCOUNT AND REPORT, DISCHARGING RECEIVER, EXONERATING BOND AND DISSOLVING INJUNCTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: December 12, 2018<br>Time: 10:00 a.m.<br>Place: Courtroom 590<br>       Roybal Federal Building<br>       255 E. Temple Street<br>       Los Angeles, CA 90012<br><br>(Filed concurrently with Final Account and Report, Declaration of David P. Stapleton and (Proposed) Order) |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that on December 12, 2018, at 10:00 a.m. in Courtroom 590 of the above-entitled court, located at 255 E. Temple Street, Los Angeles, California 90012, a hearing will be held on the Motion for Order Settling and Approving Receiver's Final Account and Report, Discharging Receiver, Exonerating Bond and Dissolving Preliminary Injunction

- 1 -

1  filed by David P. Stapleton, the court-appointed receiver in the above-entitled case.

2      This Motion is made based upon this Notice of Motion, and the attached Memorandum of Points and Authorities, the Receiver's Final Account and Report, the Declaration of David P. Stapleton, the pleadings and documents on file herein, and upon such further oral and documentary evidence as may be presented at the hearing on the Motion and upon argument of counsel.

    This motion is made following the conference of counsel which took place on November 6, 2018.

    Opposition, if any, to the Motion must be filed and served on the undersigned and all parties to this action 21 days prior to the hearing date of the Motion.

Dated: November 6, 2018

By _____
David P. Stapleton
COURT APPOINTED RECEIVER

## I.

## MEMORANDUM OF POINTS AND AUTHORITIES

David P. Stapleton, the court-appointed receiver herein ("Receiver") submits the following points and authorities in support of his Motion for Order Settling and Approving Receiver's Final Report and Account, Discharging Receiver, Exonerating Bonds and Dissolving Injunction (collectively the "Motion").

On February 15, 2018, the Order Appointing Temporary Receiver (the "Temporary Order") was entered by this Court. In accordance with the Temporary Order, the Receiver took possession of the assets of the Defendants as described in the Temporary Order and met with representatives for the Plaintiff and Defendants to discuss such assets and the Receiver's role. Pursuant to the Temporary Order, the Oath and Bond of the Receiver were filed with this Court on February 23, 2018.

The Temporary Order set a hearing for March 2, 2018 to allow Defendants and any other interested parties the opportunity to show cause why the Receiver should not be appointed on a permanent basis and why a preliminary injunction in aid of the Receiver should not be issued. There was no opposition. The Court confirmed the appointment of a permanent Receiver at the hearing, and entered an Order Appointing Permanent Receiver and Issuing Preliminary Injunction in Aid of Receiver ("Permanent Order") on March 5, 2018 (the Temporary Order and Permanent Order are collectively referred to as "Order").

Concurrently herewith, the Receiver has filed his Final Account and Report.

Haney Truck Lines, including numerous related affiliated entities, was a West Coast regional heavy haul carrier and transportation provider delivering professional interstate trucking services throughout Washington, Oregon, Idaho, Montana, Utah, California, Nevada, British Columbia and Alberta.

Haney was not operating at the time of the Receiver's appointment. Prior to the Receiver's appointment, on August 31, 2017, the majority of Haney's assets were sold to Wilson Logistics ("Wilson"). As of the date of the Receiver's appointment, the only assets of the

receivership estate were limited cash on hand, accounts receivable and potential worker's compensation policy refunds related to deposits on Haney's account.

At the time of the appointment of the Receiver, the Company had a pre-existing bank account at PNC Bank with a book balance of $250,000. The Receiver opened his own trust account to deposit all cash for the receivership estate. The Receiver received the proceeds in the Haney account from PNC Bank. The Receiver collected additional funds related to miscellaneous refunds and paid administrative costs of the receivership estate from available funds. The following is a summary of collections and expenses for the receivership period through 10/31/2018:

| | |
|---|---:|
| Beginning Cash, 2/15/2018 | $ 250,000 |
| Collection of Refunds from Insurance and Workers Comp. Policies | 228,349 |
| Tax Refunds | 9,484 |
| Other Misc. Receipts | 422 |
| Professional & Administrative Fees & Costs | (178,844) |
| Taxes | (1,990) |
| Other Expenses | (752) |
| Distributions to Plaintiff, 5/15/2018 | (126,772) |
| Distributions to Plaintiff, 10/31/2018 | (84,771) |
| **Ending Cash, 10/31/2018** | **$ 95,126** |

At the time of the appointment of the Receiver, the Company had accounts receivables ("A/R") of approximately $4 million. Pursuant to the Asset Purchase Agreement respecting the sale of the Haney assets, Wilson acquired all A/R less than or equal to 90 days old and the A/R greater than 90 days old remained subject to PNC's liens. The Plaintiff informed the Receiver that the lender for Wilson, Marquette Business Credit ("Marquette"), was assisting with the collection and application of cash for all Haney A/R. Marquette applied the cash collected to the A/R balance and sent weekly payments (to the extent there were collections) directly to the Plaintiff. Plaintiff agreed to pay Marquette a collection fee equal to 10% of all A/R collected. The A/R collections paid down the balance of the Plaintiff's outstanding debt. The Receiver did

not take possession of any A/R collections. The following is a rollforward of the outstanding A/R since the inception of the receivership through October 31, 2018:

| | |
|---|---|
| Est. Accounts Receivable at 2/15/2018 | $ 4,058,137 |
| Less: Collections * | (464,478) |
| Less: Adjustments ** | (638,238) |
| **Est. Accounts Receivable at 10/31/2018** | **$ 2,955,421** |

\* Subject to 10% commission to Marquette.
\*\* Includes adjustments for cancelled invoices, duplicate invoices and invoices already paid by customers but not yet applied to the A/R balance, among other items.

The Receiver monitored the progress on the collection of A/R throughout the receivership period. Based on conversations with a representative for the Plaintiff, it is expected that the balance of A/R at October 31st will be uncollectible due to the fact that 1) the pace of collections has slowed in recent months, 2) the size of collections has diminished in recent months, and 3) updates from Marquette indicate that the customers will not pay A/R.

The Receiver contacted the equity sponsor of the Defendants, Evergreen Pacific Partners ("EPP") and Wilson, to confirm the existence of records and request a back-up of the Haney server as well as a copy of all electronic files. Wilson took over the Haney headquarters and offices in Yakima, Washington, and reported that there were certain Haney computers that remained at the offices as well as boxes of hardcopy files. The Receiver obtained the necessary records, including accounting information, in order to assist with obtaining the necessary back-up required to file Haney's final tax returns and to respond to all other requests of vendors, the state agencies and taxing authorities. Wilson agreed to preserve and keep safe all Haney records in its possession up until December 31, 2018. The Receiver intends to abandon any and all records located at the former Haney headquarters upon approval from this court in connection with this Court's Order on the Motion (unless Haney takes possession of the same).

The Receiver engaged Ratzlaff Tamberi & Wong Accountancy Corporation ("RTW") to prepare and file the 2017 and partial year 2018 final tax returns for the various Defendant entities for a cost of approximately $10,000. The Receiver reviewed prior year tax returns and assisted RTW to gather the information necessary to finalize the tax returns.

The Receiver also reviewed the status of a) 1099s for truck drivers and other vendors

who provided services prior to the Receiver's appointment, and b) W-2s for former employees who worked for Haney prior to the Receiver's appointment and confirmed with EPP that 1099s and W-2s were completed for 2017. The Receiver worked with EPP to finalize all 1099s for 2018.

As a final matter of closing out the affairs of Haney Truck Lines and other related Defendant entities, the Receiver coordinated the dissolution of the entities requiring formal dissolution, and reviewed others that had previously administratively dissolved due to no activity. The following is a table detailing each Defendant entity, the state of formation and the date of dissolution:

| Name | Entity | Entity Status |
|---|---|---|
| Easley Hauling Service, Inc. | Washington, LLC | Administratively dissolved on September 1, 2015. |
| Great American Transport, LLC | California, LLC | Dissolution effective October 11, 2018, by filing with California Secretary of State. |
| Haney Logistics, LLC | Oregon, LLC | Administratively dissolved on April 26, 2018. |
| Haney Transportation and Logistics, LLC | Delaware, LLC | Dissolution effective October 11, 2018, by filing with Delaware Secretary of State. |
| Haney Truck Line, LLC | Oregon, LLC | Administratively dissolved on October 4, 2018. |
| Richardson Leasing, LLC | Washington, LLC | Administratively dissolved on June 3, 2018. |

(Attached as **Exhibit "C"** to the Final Report is the evidence of dissolution for each entity.)

Upon his appointment, the Receiver confirmed with Plaintiff and Defendants that there was no active insurance coverage in place for Haney and all parties agreed that there was no need to place insurance coverage, as there were no substantial assets requiring coverage. Therefore, there was no insurance coverage in place for the receivership estate during the receivership period.

Plaintiff is represented by Buchalter, APC ("Buchalter"). Buchalter assisted with the application to appoint the Receiver and other legal matters prior to the Receiver's appointment. During the receivership period, Buchalter assisted with communications with counsel for EPP, responses to the State of Washington regarding summonses and other items and with the dissolution of the entities. The Receiver submitted Buchalter's January through June 2018 invoices through his Interim Statements No. 1, 2 and 3, and provided notice of these filings to all parties. Buchalter's total fees and expenses for the period January through September 30, 2018

were $112,413, of which $4,491 are outstanding as of the date of this report. Buchalter's fees and expenses for October and November 2018 and to assist with the hearing to approve this Final Account and Report and terminate the receivership estate are estimated to be $8,000. (Attached as **Exhibit "D"** are Buchalter's invoices for the receivership period through September 30, 2018.)

The Receiver's total fees and expenses for the receivership period through September 30, 2018 were $63,909, of which $3,205 is outstanding as of the date of this report. The Receiver delivered his January through June 2018 invoices for his fees and expenses to all parties through his Interim Statements Nos. 1, 2 and 3 and provided notice of these filings to all parties. The estimated fees and expenses of the Receiver for October and November 2018 and to file this Final Report and Accounting, attend the final hearing and terminate the receivership estate are estimated to be $12,000. (The Receiver's invoices for the receivership period through September 30, 2018, are attached as **Exhibit "E"** to the Final Account and Report.)

The Receiver, through the Final Account and Report, is delivering these invoices to all parties on the distribution list and intends to pay these fees and expenses from the funds of the estate after the notice period expires.

It is therefore requested that the Court grant this Motion and approve the Receiver's Final Account and Report, that the receivership fees and costs and legal fees and expenses be paid, and that the Receiver thereafter be discharged of his obligations as Receiver, all of the bonds be exonerated, and the sureties thereon be fully discharged.

## II.

## PROPER NOTICE OF THIS MOTION HAS BEEN GIVEN

Local Rules of Court, Rule 66-7 provides that notice of the Motion must be given to every person or entity known to the Receiver to have a substantial, unsatisfied claim that will be affected by the order, whether or not the person or entity is a party to the action or has appeared in it. The Receiver has done so and the notice with proof of service is being filed concurrently.

/ / /

## III.

## CONCLUSION

The Receiver respectfully requests the Court discharge the Receiver, approve the Final Account and Report filed concurrently, exonerate the Receiver's and Plaintiff's bonds, dissolve the injunction, and order disbursement of funds held by the Receiver, after deduction of the remaining expenses of the receivership, and for other appropriate relief.

Dated: November 7, 2018

_____
David P. Stapleton
COURT APPOINTED RECEIVER

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of eighteen and not a party to the within action. My business address is Stapleton Group ("the business") 514 Via de la Valle, Suite 210, Solana Beach, CA 92075.

On November 7, 2018, I served the document(s) described below:

**NOTICE OF MOTION AND MOTION FOR ORDER SETTLING AND APPROVING RECEIVER'S FINAL ACCOUNT AND REPORT AND DISCHARGING RECEIVER, EXONERATING BOND AND DISSOLVING INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES**

Said document was served on the interested parties in this action as indicated below:

**BY ELECTRONIC TRANSMISSION**: I transmitted a copy of the above-described document by electronic transmission to the email addresses listed below. The transmission originated from dburger@stapletoninc.com on November 7, 2018.

Steven M. Spector, Esq.
Oren Bitan, Esq.
Buchalter
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017
Email: sspector@buchalter.com
    obitan@buchalter.com

R. Alexander Pilmer, Esq.
Ashley Neglia, Esq.
Kirkland & Ellis LLP
333 So. Hope St.
Los Angeles, CA 90071
Email: alexander.pilmer@kirkland.com
    ashley.neglia@kirkland.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 7th day of November 2018, at Solana Beach, California.

_____
Deborah L. Burger